IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEVIN BERNHARDT, | ) | 4:09CV3004 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| RON JOHNS, RICHARD HERNANDEZ, JEREMIAH BRETTHAUR, SEAN SUHR, ROMANA LOPEZ, CHARLES GANNON, JADE FRY, BRUCE MEYER, EDDY BLANCO, and REENE HEILER, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Amend (Filing No. 11), Motion to Appoint Counsel (Filing No. 15) and Motions for Information (Filing Nos. 7 and 19). Also pending is Defendants' Motion to Dismiss. (Filing No. 8.)

*Plaintiff's Motion to Amend*

Plaintiff filed his Motion to Amend on February 17, 2009. (Filing No. 11.) Defendants did not oppose the motion and the time in which to do so has passed. Plaintiff's proposed Amended Complaint does not add or dismiss any parties, but instead seeks to clarify and expand Plaintiff's allegations against Defendants.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent reason-such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of the allowance of the amendment,

> futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

Id. Further, a motion to amend the complaint "render[s] moot" a pending motion to dismiss. Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002).

Here, Defendants have not yet answered and this matter has not yet been subject to a progression order. Further, Defendants have not opposed Plaintiff's Motion to Amend. The court has carefully reviewed the proposed Amended Complaint and finds that amendment would not be futile and is not made in bad faith. Rather, the proposed Amended Complaint clarifies the claims made and is more specific regarding the named Defendants against whom relief is sought. The Motion to Amend is therefore granted. In light of the filing of the amended complaint, Defendants' Motion to Dismiss (Filing No. 8) is denied as moot. However, the Motion to Dismiss may be renewed in response to Plaintiff's Amended Complaint.

### *Plaintiff's Motion to Appoint Counsel*

Plaintiff has also filed a Motion to Appoint Counsel. (Filing No. 15.) In support of his Motion, Plaintiff filed a Brief and Affidavit. (Filing Nos. 16 and 17.) The court cannot routinely appoint counsel in civil cases. In Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." Id. (quotation and citation omitted). No such benefit is apparent here. The Motion to Appoint Counsel is therefore denied without prejudice.

*Plaintiff's Motions for Information*

In his Motions for Information, Plaintiff seeks various information from the court regarding filing fees, service of process, and other matters. The court notes that the $350.00 filing fee has been paid in this matter by Defendants, who removed this matter to federal court. Further, it appears that service of process has occurred. The court ordinarily enters a progression order in pro se cases approximately 20 days after the last defendant has answered. With regard to the remainder of the requests set forth in Plaintiff's Motions for Information, the court cannot provide legal advice to Plaintiff and the Motions are denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Amend (Filing No. 11) is granted. The Clerk of the court is directed to file the Amended Complaint as a separate document in this matter;

2. On the court's own motion, Defendants shall respond to the Amended Complaint by filing an answer or other responsive pleading no later than **May 7, 2009**;

3. Plaintiff's Motion to Appoint Counsel (Filing No. 15) and Motions for Information (Filing Nos. 7 and 19) are denied;

4. Defendants' Motion to Dismiss (Filing No. 8) is denied as moot; and

5. The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: May 7, 2009: Defendants' answer or other responsive pleading due.

DATED this 8th day of April, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge